# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1999

FILED

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TOMMY LEE KELLEY, | ) | C.C.A. NO. 01C01-9811-CR-00452 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:         FOR THE APPELLEE:

JENNIFER LYNN THOMPSON     PAUL G. SUMMERS
715 Crescent Road          Attorney General and Reporter
Nashville, TN 37205
                           MARK E. DAVIDSON
                           Assistant Attorney General
                           425 Fifth Avenue North
                           Nashville, TN 37243

                           VICTOR S. JOHNSON
                           District Attorney General

                           BRET T. GUINN
                           Assistant District Attorney General
                           Washington Square, Suite 500
                           222 Second Avenue North
                           Nashville, TN 37201-1649

ORDER FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Defendant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. In a negotiated plea agreement, the Defendant pleaded guilty to two counts of aggravated burglary. His agreed sentence for each conviction was seven years as a Range II multiple offender, with the sentences to be served concurrently. He subsequently petitioned for post-conviction relief, alleging that his guilty pleas were not knowing and voluntary and that he received ineffective assistance of counsel. After conducting an evidentiary hearing on the post-conviction petition, the trial judge denied the Defendant's claim. We affirm the judgment of the trial court.

The Defendant and his former attorney were the only witnesses who testified at the hearing on the petition for post-conviction relief. In its order denying the Defendant relief, the trial court found that the Defendant was effectively represented by his trial counsel and that the Defendant's guilty pleas were knowingly, voluntarily and intelligently entered. The trial court accredited the testimony of the Defendant's former attorney and found "no credible evidence to support the petitioner's assertion of deficient representation and, obviously, no resulting prejudice to his decision to plead guilty." From our review of this record, the evidence clearly supports the findings of the trial judge. No error of law requiring a reversal of the judgment is apparent on the record. We are satisfied that the result reached by the trial court is correct.

Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE